IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 1:19-cv-62648-BLOOM/Valle |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KENNETH G. KRONOWITZ, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Kenneth G. Kronowitz ("Kronowitz"), by and through his undersigned counsel, answers the complaint and states his affirmative defenses against the United States of America as follows:

### ANSWER

1.     Kronowitz admits the United States brings this suit under 31 U.S.C. §§ 5321(b)(2) and 3711(g)(4)(C) but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 1 and on that basis denies the allegations contained therein.

2.     Kronowitz admits the allegations of paragraph 2.

3.     Kronowitz admits the allegations of paragraph 3.

4.     Kronowitz admits the allegations of paragraph 4, except denies that a person shall report "such relationship to the Commissioner of Internal Revenue for each year in which such a relationship exists" because additional conditions must be met before a reporting requirement arises.

5.     Kronowitz admits the allegations of paragraph 5.

6.     Kronowitz admits the first sentence but denies the second sentence of paragraph 6.

7.     Kronowitz admits the first sentence but denies the second sentence of paragraph 7 because, pursuant to final regulations, the maximum penalty under Section 5321(a)(5)(C) is $100,000.

8.      Kronowitz admits the allegations of paragraph 8.

9.      Kronowitz admits the allegations of paragraph 9.

10.     Kronowitz admits the allegations of paragraph 10.

11.      Kronowitz admits that from 2005 through 2010 he held a financial interest in accounts at overseas financial institutions; however, he lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 11 and on that basis denies the remaining allegations contained therein.

12.     Kronowitz admits the allegations of paragraph 12.

13.     Kronowitz admits that during 2005 through 2009 he was a beneficiary of a Swiss bank account held in the name of "Cramo Foundation;" however, he lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 13 and on that basis denies the remaining allegations contained therein.

14.     Kronowitz lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 and on that basis denies the allegations contained therein.

15.     Kronowitz answers as follows with respect to the calendar year 2005:

a.   Kronowitz denies the allegations in paragraph 15(a) and alleges that when the IRS examined his tax return it determined he had a financial interest in foreign accounts with a total maximum value of $1,315,618.76.

b.   Kronowitz admits the allegations of paragraph 15(b).

16.     Kronowitz answers as follows with respect to the calendar year 2006:

a.   Kronowitz denies the allegations in paragraph 16(a) and alleges that when the IRS examined his tax return it determined he had a financial interest in foreign accounts with a total maximum value of $1,300,752.29.

b.   Kronowitz denies the allegations of paragraph 16(b) and alleges that during 2015 he filed an FBAR reporting financial interests in foreign accounts.

17.     Kronowitz answers as follows with respect to the calendar year 2007:

a.   Kronowitz denies the allegations in paragraph 17(a) and alleges that when the IRS examined his tax return it determined he had a financial interest in foreign accounts with a total maximum value of $1,347,151.26.

b.   Kronowitz denies the allegations of paragraph 17(b) and alleges that during 2015 he filed an FBAR reporting financial interests in foreign accounts.

18.     Kronowitz answers as follows with respect to the calendar year 2008:

a.  Kronowitz denies the allegations in paragraph 18(a) and alleges that when the IRS examined his tax return it determined he had a financial interest in foreign accounts with a total maximum value of $713,037.22.

b.  Kronowitz admits the allegations of paragraph 18(b).

c.  Kronowitz denies the allegations of paragraph 18(c) and alleges that during 2015 he filed an FBAR reporting financial interests in foreign accounts.

19.     Kronowitz answers as follows with respect to the calendar year 2009:

a.  Kronowitz denies the allegations in paragraph 19(a) and alleges that when the IRS examined his tax return it determined he had a financial interest in foreign accounts with a total maximum value of $766,184.50.

b.  Kronowitz denies the allegations of paragraph 19(b) and alleges that during 2015 he filed an FBAR reporting financial interests in foreign accounts.

20.     Kronowitz answers as follows with respect to the calendar year 2010:

a.  Kronowitz denies the allegations in paragraph 20(a) and alleges that when the IRS examined his tax return it determined he had a financial interest in foreign accounts with a total maximum value of $721,485.93.

b.  Kronowitz denies the allegations of paragraph 20(b) and alleges that during 2015 he filed an FBAR reporting financial interests in foreign accounts.

21.     Kronowitz admits the allegations in paragraph 21.

22.     Kronowitz denies the allegations in paragraph 22.

23.     Kronowitz denies the allegations in paragraph 23.

24.     Kronowitz lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 and on that basis denies the allegations contained therein.

25.     Kronowitz lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 and on that basis denies the allegations contained therein.

26.     Kronowitz denies the allegations in paragraph 26.

27.     Kronowitz denies the allegations in paragraph 27.

28.     Kronowitz lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28 and on that basis denies the allegations contained therein.

He alleges there is not a valid agreement to extend the statute of limitations for the assessment of FBAR penalties for the years 2005 though 2010.

29.     Kronowitz lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29 and on that basis denies the allegations contained therein.

30.     Kronowitz lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30 and on that basis denies the allegations contained therein.

31.     Kronowitz lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 and on that basis denies the allegations contained therein.

## Count I

32.     Kronowitz admits the allegations contained in paragraph 32.

33.     Kronowitz denies the allegations in paragraph 33 because a penalty under 31 U.S.C. § 5321 was not timely assessed and his failure to timely file an FBAR was not willful.

34.     Kronowitz admits that he failed to pay penalties assessed against him but denies the remaining allegations in paragraph 34 because a penalty under 31 U.S.C. § 5321 was not timely assessed and his failure to timely file an FBAR was not willful.

## Count II

35.     Kronowitz admits the allegations contained in paragraph 35.

36.     Kronowitz denies the allegations in paragraph 36 because a penalty under 31 U.S.C. § 5321 was not timely assessed and his failure to timely file an FBAR was not willful.

37.     Kronowitz admits that he failed to pay penalties assessed against him but denies the remaining allegations in paragraph 37 because a penalty under 31 U.S.C. § 5321 was not timely assessed and his failure to timely file an FBAR was not willful.

## Count III

38.     Kronowitz admits the allegations contained in paragraph 38.

39.     Kronowitz denies the allegations in paragraph 39 because a penalty under 31 U.S.C. § 5321 was not timely assessed and his failure to timely file an FBAR was not willful.

40.     Kronowitz admits that he failed to pay penalties assessed against him but denies the remaining allegations in paragraph 40 because a penalty under 31 U.S.C. § 5321 was not timely assessed and his failure to timely file an FBAR was not willful.

## COUNT IV

41.     Kronowitz admits the allegations contained in paragraph 41.

42.     Kronowitz denies the allegations in paragraph 42 because a penalty under 31 U.S.C. § 5321 was not timely assessed and his failure to timely file an FBAR was not willful.

43.     Kronowitz admits that he failed to pay penalties assessed against him but denies the remaining allegations in paragraph 43 because a penalty under 31 U.S.C. § 5321 was not timely assessed and his failure to timely file an FBAR was not willful.

<b><u>COUNT V</u></b>

44.     Kronowitz admits the allegations contained in paragraph 44.

45.     Kronowitz denies the allegations in paragraph 45 because a penalty under 31 U.S.C. § 5321 was not timely assessed and his failure to timely file an FBAR was not willful.

46.     Kronowitz admits that he failed to pay penalties assessed against him but denies the remaining allegations in paragraph 46 because a penalty under 31 U.S.C. § 5321 was not timely assessed and his failure to timely file an FBAR was not willful.

<b><u>COUNT VI</u></b>

47.     Kronowitz admits the allegations contained in paragraph 47.

48.     Kronowitz denies the allegations in paragraph 48 because a penalty under 31 U.S.C. § 5321 was not timely assessed and his failure to timely file an FBAR was not willful.

49.     Kronowitz admits that he failed to pay penalties assessed against him but denies the remaining allegations in paragraph 49 because a penalty under 31 U.S.C. § 5321 was not timely assessed and his failure to timely file an FBAR was not willful.

<b>KRONOWITZ'S AFFIRMATIVE DEFENSES</b>

1.     Plaintiff did not timely assess FBAR penalties against Kronowitz for the 2005 through 2010 calendar years and thus Plaintiff is time-barred from bringing this suit. Plaintiff alleged in paragraph 28 that there was a consent to extend the statute of limitations dated February 11, 2017. However, the statute of limitations for assessment of FBAR penalties for each of the 2005 through 2009 calendar years expired on June 30 of the years 2012, 2013, 2014, 2015, and 2016, respectively. Thus, that statute of limitations expired before the alleged consent to extend the statute was entered into on February 11, 2017. Plaintiff has failed to allege that there was a timely consent to extend the statute of limitations for the 2005 through 2009 calendar years. Regardless, even assuming, *arguendo*, there was a timely consent, there can be no valid agreement

5

in place for *any* year because there is no statute granting authority to any United States agency or delegate thereof to extend the statute of limitations for assessing FBAR penalties.

2.     Kronowitz's failure to file FBARs for the 2005 through 2010 years was not willful or reckless. Plaintiff's Complaint fails to meet the requirements of Rule 8 of the Federal Rules of Civil Procedure because it fails to allege sufficient facts to support a finding of "willfulness" as required by 31 U.S.C. § 5321(a)(5).

3.     The penalties assessed against Kronowitz exceed the $100,000 per year limitation set by IRS regulations.

4.     Plaintiff's Complaint is barred by the Statute of Limitations under 31 U.S.C. § 5321(b) because it failed to bring this suit within 2 years of the date that it assessed the FBAR penalties against Kronowitz.

5.     Kronowitz expressly reserves the right to assert such other and further affirmative defenses as may be appropriate and learned during the course of discovery in this action.

WHEREFORE, Defendant Kenneth G. Kronowitz prays that the relief sought by Plaintiff the United States of America be denied and for any other further relief the Court deems just and proper.

DATED this 18th day of December 2019.

Respectfully submitted,

/s/ Karen J. Lapekas
KAREN J. LAPEKAS
Florida Bar No. 57527
Lapekas Law, P.A.
Attorney for Defendant Kenneth G. Kronowitz
540 Brickell Key Dr. Ste. C1
Miami, FL 33131
Phone: (305) 600-1485
Fax: (305) 600-1334
karen@lapekaslaw.com

6

## CERTIFICATE OF SERVICE

I certify that on December 18, 2019, a true and correct copy of the foregoing was filed electronically with the Clerk of Court through the CM/ECF system which will send notice of electronic filing to all counsel of record.

/s/ Karen J. Lapekas
KAREN J. LAPEKAS
Florida Bar No. 57527
Lapekas Law, P.A.
Attorney for Defendant Kenneth G. Kronowitz
540 Brickell Key Dr. Ste. C1
Miami, FL 33131
Phone: (305) 600-1485
Fax: (305) 600-1334
karen@lapekaslaw.com